### No. 18.

#### WOOLCOTT *against* GRAY. *Addison*, 1819.

WHERE an officer has neglected to return a writ, in an action on note, and is sued for his neglect, he may in his defence, impeach the note, as having been fraudulently obstained of the original defendants.

In such action the officer may give in evidence, in mitigation of damages, that the original defendants are within the reach of process, and responsible. -

ERROR brought to reverse judgment of Addison County Court.

The original action was an action on the case, brought by Gray against Woolcott, as Sheriffs Deputy, for neglecting to return a writ, put into his hands to serve, in favor of said Gray, against Simeon Barnum and Cyrus Barnum, in an action on note. The writ was served on Simeon Barnum *only*, Cyrus Barnum being then out of the State. The officer failed of returning the writ to the Justice who issued it; On the trial of the action against Woolcott, the defendant offered to give in evidence, that the note, on which Gray's action against the Barnums was brought, was fraudulently obtained and void ; and, secondly, that said Barnum had ever remained within the reach of process, and might have been sued again, and was amply responsible, all which evidence was rejected. Error assigned, the exclusion of the evidence as aforesaid.

For the plaintiff in error, *Seymour* contended—That it was essential to Gray's right of recovery against Woolcott, that he should have substantiated his demand against the Barnums ; although the note was *prima facie* evidence of indebtedness, yet it might be impeached, and it was competent for Woolcott to take the burden of proof on himself, and shew the note to be void, and shewing the want of an indebtedness was a complete defence for Woolcott. Alexander v. Macauly, 4 T. R. 611.

2. If there was an indebtedness from Barnums, yet it was proper for Woolcott to have shewn in mitigation of damages, that nothing but the price of the writ was lost, by its not having been returned ; by shewing that the debtor might at any time have been taken upon a new processs, and that he has ever remained responsible for Gray's claim. 1 Strange 650. 1 Bos. and Pul. 27. 1 Johnson 215. Esp. N. P. cases 475.

*Contra. Chipman,* for defendant in error—It was necessary for Gray to prove a good cause of action against S. & C. Barnum ; he did so, by proving his note, but it was not competent for the defendant to impeach that cause of action ; if this were permitted, then, under the plea ot *not guilty,* the *officer* might make this defence even if the cause of action was a specially although the *debtor* would have been obliged to plead specially and apprize the plaintiff of such defence.

2. Insolvency of the debtor may be given in evidence in mitigation of the damages, but not that the debtor is still able to pay.

The Court decided—That the officer ought to have been permitted to impeach the note, and that the evidence he offered for that purpose, ought to have been admitted.

2. That the evidence offered in mitigation of damages ought also to have been admitted.

*Judgment.* That there is error.

See Assumpsit 4. Bail 1, 2. Ejectment 2, 3. Commission. Fraud. Highways 2, 3. Landlord and Tenant 2. Patent Right. Pauper Cases 2, 3, 9. Judgment 2.

---

EXCEPTIONS—See New Trial 1, 3.